IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

COBB COUNTY, GA
FILED IN OFFICE
09 NOV -9 AM 11:57

COBB SUPERIOR COURT CLERK

JIMMY BAXTER PURCELL, as Executor
of the Estate of LUCY PURCELL, Deceased,

Plaintiff

vs.

CIVIL ACTION NO.:
09-1-11107-99

SUNRISE SENIOR LIVING, INC.,
SUNRISE SENIOR LIVING SERVICES, INC.,
ELEVEN PACK MANAGEMENT CORP.
and BRIGHTON GARDENS OF VININGS

Defendants

## COMPLAINT

COMES NOW JIMMY BAXTER PURCELL as Executor of the Estate of LUCY PURCELL, Deceased, and files his Complaint against SUNRISE SENIOR LIVING, INC., SUNRISE SENIOR LIVING SERVICES, INC., SUNRISE SENIOR LIVING, ELEVEN PACK MANAGEMENT CORP. and BRIGHTON GARDENS OF VININGS. In support thereof Plaintiff states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, JIMMY BAXTER PURCELL, is a resident of the State of Florida and is LUCY PURCELL's son and brings this action in his capacity as Executor of the Estate of LUCY PURCELL, Deceased.

2. LUCY PURCELL, deceased, passed away on July 13, 2009.

3. Plaintiff, JIMMY BAXTER PURCELL, was duly appointed as the Executor of the Estate of LUCY PURCELL on September 30, 2009.

4. Defendant, SUNRISE SENIOR LIVING, INC., is a For Profit Foreign Corporation with the address of 7902 Westpark Drive, McLean, Virginia, 22102 which is

1


DEFENDANT'S EXHIBIT A

subject to the jurisdiction and venue of this Court. Service of process may be perfected upon its Registered Agent, THE CORPORATION TRUST COMPANY, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

5. Defendant, SUNRISE SENIOR LIVING SERVICES, INC., is a For Profit Foreign Corporation with the address of 7902 Westpark Drive, McLean, Virginia, 22102, which is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon its Registered Agent, Corporation Process Company, 328 Alexander Street, Suite 10, Marietta GA 30060.

6. Defendant, ELEVEN PACK MANAGEMENT CORP., is a For Profit Foreign Corporation with the address of 1440 Hwy A1A, Vero Beach, FL 32963, which is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon its Registered Agent, C T Corporation System, 1201 Peachtree Street, NE, Atlanta, GA 30361.

7. Defendant, BRIGHTON GARDENS OF VININGS, is the Resident Care Home/Assisted Living Facility located at 2401 Cumberland Parkway, SE, Atlanta, GA 30339, which is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon Dennis Stamey, Administrator/Manager at 2401 Cumberland Parkway, SE, Atlanta, GA 30339.

8. During the time frame relevant to the issues in this case, Defendants owned, operated, controlled, managed, was licensee, made personnel decisions, and/or employed the personnel at BRIGHTON GARDENS OF VININGS.

9. This action is an action for damages in excess of Ten Thousand Dollars ($10,000.00).

10. Venue is proper in the Superior Court of Cobb County since the causes of action accrued in whole or in part in Cobb County and Defendants' transact business in and/or reside in Cobb County.

## FACTS

11. LUCY M. PURCELL was initially admitted to BRIGHTON GARDENS OF VININGS on or about March 19th, 2007.

12. BRIGHTON GARDENS OF VININGS is a Personal Care Home and also known as an Assisted Living Facility.

13. During all relevant times, LUCY M. PURCELL was a resident of and in the care and custody of BRIGHTON GARDENS OF VININGS's staff.

14. LUCY M. PURCELL paid or on LUCY M. PURCELL's behalf, payments were made for the care, services and supervision of BRIGHTON GARDENS OF VININGS and its staff.

15. While a resident of BRIGHTON GARDENS OF VININGS, LUCY M. PURCELL fell on September 3, 2007 sustaining a traumatic subdural hematoma.

16. Defendants and Defendants' staff failed to ensure that adequate supervision, assistance and safety precautions were taken to ensure the safety of LUCY M. PURCELL.

## COUNT I - NEGLIGENCE -- ESTATE CLAIM

17. Plaintiff incorporates by reference as if fully set forth every allegation set forth in Paragraphs 1 to 16 above.

18. Defendants had full legal authority and responsibility for the operation of BRIGHTON GARDENS OF VININGS during all relevant times of LUCY M. PURCELL's residency there.

19. Defendants owed a non-delegable duty to LUCY M. PURCELL to exercise reasonable care while she was a resident at BRIGHTON GARDENS OF VININGS.

20. Defendants are liable for the negligence of any BRIGHTON GARDENS OF VININGS staff and/or Defendants' employees based on the theory of respondeat superior, agency or apparent agency.

21. Defendants and/or Defendants' employees negligently cared for LUCY M. PURCELL by failing to exercise reasonable care:

   a. to ensure that LUCY M. PURCELL had a reasonably safe living environment;
   b. to provide reasonable supervision of LUCY M. PURCELL;
   c. to provide reasonable supervision of the staff responsible for providing direct care for LUCY M. PURCELL;
   d. to ensure that the employees providing care or supervising those providing care to LUCY M. PURCELL were competent; and
   e. to provide reasonable fall precautions and interventions.

22. As a direct and proximate result of the negligence of Defendants and/or Defendants' employees, LUCY M. PURCELL sustained severe injuries of the mind and body, pain and suffering, and the necessary cost of medical care.

23. Plaintiff is entitled to recover all damages, which the jury determines to be proper including damages for LUCY M. PURCELL's pain and suffering and medical expenses.

### COUNT II - PROFESSIONAL NEGLIGENCE -- ESTATE CLAIM

24. Plaintiff incorporates by reference as if fully set forth every allegation set forth in Paragraphs 1 to 23 above.

25. Defendants and Defendant BRIGHTON GARDENS OF VININGS, and the staff of BRIGHTON GARDENS OF VININGS, were negligent and failed to exercise

the standard of care and skill ordinarily employed by personal care homes, assisted living facilities, nursing assistants and other employees and agents providing care and services under the same or similar conditions in their care and treatment of LUCY M. PURCELL.

26. Defendants and Defendant BRIGHTON GARDENS OF VININGS and the staff of BRIGHTON GARDENS OF VININGS's negligence includes those negligent acts and/or omissions set forth in the Affidavit of Suellyn D. Hunt, R.N., which is filed with this Complaint pursuant to the requirements of O.C.G.A. § 9-11-9.1. This Affidavit is incorporated into this Complaint as Exhibit "A".

27. As a direct and proximate result of the negligence of Defendants and/or Defendants' employees/agents, LUCY M. PURCELL sustained severe injuries of the mind and body, pain and suffering, the necessary cost of medical care.

28. JIMMY BAXTER PURCELL as Executor of the Estate of LUCY PURCELL, Deceased is entitled to recover all damages, which the jury determines to be proper including damages for LUCY M. PURCELL's pain and suffering and medical expenses.

## COUNT III - BREACH OF CONTRACT

29. Plaintiff incorporates by reference as if fully set forth every allegation set forth in Paragraphs 1 to 28 above.

30. Defendants owed a contractual duty of care and protection to its resident LUCY M. PURCELL.

31. Defendants received valuable consideration from LUCY M. PURCELL or on her behalf as part of their agreement to provide her with adequate care, services and supervision.

32.  Defendants breached their contractual duty to care and protect LUCY M. PURCELL in that Defendants, Defendant BRIGHTON GARDENS OF VININGS and their staff failed to take reasonable precautions and preventive measures to provide for LUCY M. PURCELL's safety.

33.  As a result of the above referenced Defendants' breach of contract, LUCY M. PURCELL's sustained serious injuries of the mind and body, pain and suffering and medical expenses.

34.  WHEREFORE, Plaintiff prays for the following:

   a.  that Summons be issued and served upon the Defendants as provided by law;
   b.  that all issues herein be tried before a jury;
   c.  that the Plaintiff has judgment entered in his favor against each of the Defendants, jointly and severally in an amount in excess of $10,000 for all damages recoverable by law;
   d.  that all costs of this action be cast against the Defendants; and
   e.  that Plaintiff has such other relief as is just and proper.

Respectfully Submitted,

_____
Eric K. Milles, Esq.
GA Bar # 508982
GARVIN & MILLES
1582 Village Square Blvd.
Tallahassee, FL  32309
(850) 422-3400 (telephone)
(850) 906-9878 (facsimile)

## AFFIDAVIT OF SUELLYN D. HUNT, R.N.

STATE OF GEORGIA
COUNTY OF Lee

Before me the undersigned authority this day personally appeared Suellyn D. Hunt, R.N. who being first duly sworn under oath, deposes and says:

1) That I am over the age of twenty-one (21) years, competent to make this Affidavit, and with personal knowledge of the facts and opinions contained herein.

2) I am a Registered Nurse licensed in the State of Georgia. I have devoted professional time during the 3 years immediately preceding the date of the occurrence that is the basis of this Affidavit to the active clinical practice of, or consulting with respect to, nursing. By reason of my active clinical practice, I have knowledge of the applicable standard of care for nurses, or other medical support staff.

3) I have personally reviewed the following medical records pertaining to Lucy Purcell:

   a) Sunrise Senior Living Center

   b) WellStar Kennestone Hospital

4) Lucy Purcell was admitted to Sunrise Senior Living Center on March 19, 2007. On July 24, 2007, Ms. Purcell fell and Sunrise Senior Living Center and its staff failed to take reasonable fall prevention precautions. On September 3, 2007, due to inadequate fall precautions, Ms. Purcell suffered a serious fall that resulted in a traumatic subdural hematoma, hospitalization, surgical intervention, and pain and suffering.

5) It is my medical opinion based upon the afore-stated documents, as well as my education, training and experience that Sunrise Senior Living Center and its' staff


EXHIBIT A

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

JIMMY BAXTER PURCELL, as Executor
of the Estate of LUCY PURCELL, Deceased,

    Plaintiff

vs.                                    CIVIL ACTION NO.:

SUNRISE SENIOR LIVING, INC.,
SUNRISE SENIOR LIVING SERVICES, INC.,
SUNRISE SENIOR LIVING MANAGEMENT, INC.,
ELEVEN PACK MANAGEMENT CORP.
and BRIGHTON GARDENS OF VININGS

    Defendants
_____/

### O.C.G.A. § 9-11-9.2 AUTHORIZATION

COMES NOW Plaintiff in the above-styled action, submits this Authorization pursuant to O.C.G.A. § 9-11-9.2

I, JIM B. PURCELL, hereby authorize the attorney representing SUNRISE SENIOR CARE to obtain and disclose protected health information contained in medical records to facilitate the investigation, evaluation, and defense of the claims and allegations set forth in the Complaint, which pertain to LUCY PURCELL. This authorization includes said defense attorney's right to discuss the care and treatment of LUCY PURCELL with all of LUCY PURCELL'S treating physicians.

This authorization provides for the release of all protected health information **except information that is considered privileged** and authorizes the release of such information to said defense attorney by any physician or health care facility by which health care records of LUCY PURCELL are maintained.

I request that you notify my attorney, Eric K. Milles, Esq., GARVIN & MILLES, 1582 Village Square Boulevard, Tallahassee, FL, 32309, (850) 422-3400, in the event you provide the protected health information to anyone. I also request that you notify my attorney of any request


EXHIBIT B

by defense counsel for you to meet with defense counsel to discuss any protected health information and further request that my attorney be allowed to attend any such meeting.

Dated this 22nd day of August 2009.

JIM B. PURCELL

deviated from the acceptable and appropriate standard of care in its care and treatment of Lucy Purcell during her residency in the following respects:

a) Failure to initiate and maintain appropriate fall precautions to prevent injury;

b) Failure to implement and update an appropriate plan of care to prevent falls; and

c) Failure to appropriately document fall incidents.

6) It is my opinion that the above failures and/or omissions demonstrated breaches of the prevailing professional standards of care by the health care providers at Sunrise Senior Living Center.

7) I further state, that to the best of my knowledge, I have never had any opinions disqualified in any administrative forum, court of law, or other proceedings, nor have I ever been disqualified as an expert witness. I have never been found guilty of fraud or perjury in any jurisdiction.

*Suellyn D Hunt*
Suellyn D. Hunt, R.N.

The forgoing Affidavit was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgements, this 10th day of _____, 2009, by Suellyn D. Hunt, R.N., who is personally known to me.

_____
Signature

LESLEY HAIRE HENDERSON
Printed Name

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JIMMY BAXTER PURCELL, as Executor of the Estate of LUCY PURCELL, Deceased, <br><br> Plaintiff <br><br> v. <br><br> SUNRISE SENIOR LIVING, INC., SUNRISE SENIOR LIVING SERVICES, INC., ELEVEN PACK MANAGEMENT CORP. and BRIGHTON GARDENS OF VININGS <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION FILE NO. _____ <br><br> 1·09-CV-3557 |

## TYPE LIMITATIONS CERTIFICATION

Pursuant to Local Rule 7.1 (d), the undersigned hereby certifies that **PETITION FOR REMOVAL** has been prepared in Times New Roman (14 point), as required by Local Rule 5.1 (b).

****SIGNATURE ON NEXT PAGE****

This, the 17TH day of December 2009.

        **HAWKINS & PARNELL, LLP**

        David C. Marshall
        State Bar No. 471512
        Christian J. Lang
        Georgia Bar No. 435437
        *Counsel for Defendants*

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500
E-mail: dmarshall@hplegal.com
E-mail: clang@hplegal.com